**WO**                                                                                                          RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abraham K. Kaulia, IV, ) | No. CV 10-2060-PHX-MHM (LOA) |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| Todd Thomas, et al., ) | |
| Defendants. ) | |

Plaintiff Abraham K. Kaulia, IV, who is confined in the Saguaro Correctional Center in Eloy, Arizona, has filed a *pro se* civil rights Complaint (Doc. 1), an Account Statement (Doc. 3), and an Application to Proceed *In Forma Pauperis* (Doc. 4).

The Court will grant Plaintiff's Application to Proceed *In Forma Pauperis*; will assess an initial partial filing fee; will order Defendants Todd Thomas, Timothy Dobson, Ben Griego, and Sean Miener to answer Plaintiff's claim in Count I of the Complaint that his placement in the SHIP Program violated Plaintiff's due process rights; will order Defendants Todd Thomas and Ben Griego to answer Count II of the Complaint; and will dismiss Plaintiff's claim in Count I of the Complaint that his due process rights were violated when he was placed in segregation for "2 to 3 years" as the result of an Administrative Segregation Placement Hearing.

**TERMPSREF**

## I. Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 4) will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $3.51. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual

1 allegations may be consistent with a constitutional claim, a court must assess whether there
2 are other "more likely explanations" for a defendant's conduct. Id. at 1951.

3 But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
4 must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, No. 07-17265, 2010 WL
5 2947323, at *3 (9th Cir. Jul. 29, 2010). A "complaint [filed by a *pro se* prisoner] 'must be
6 held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting
7 Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

8 **III. Complaint**

9 Named as Defendants in the Complaint are the following employees at the Saguaro
10 Correctional Center: (1) Todd Thomas, Warden; (2) Timothy Dobson, Unit Manager; (3) Ben
11 Griego, Assistant Warden; and (4) Sean Miener, Assistant Chief of Security.

12 Plaintiff alleges two counts in the Complaint. Plaintiff claims violations of his Fourth
13 Amendment due process rights in Count I and his Eighth Amendment rights in Count II.
14 Plaintiff seeks declaratory and injunctive relief, and compensatory and punitive monetary
15 damages.

16 **IV. Discussion**

17 **A.     Count I**

18 In Count I, Plaintiff claims that his due process rights under the Fourth Amendment
19 were violated when he was placed in the SHIP Program and when he was later placed in
20 segregation for "2 to 3 years" as the result of an Administrative Segregation Placement
21 Hearing.

22 Plaintiff alleges that after he completed the disciplinary time for a misconduct matter,
23 Defendants Ben Griego and Sean Miener "informed" him that he must do an additional
24 18 months in segregation in the SHIP Program without giving him notice that this could be
25 done to him, without giving him an opportunity to submit a written statement on the record
26 rebutting the requirements used for placement, and without giving him notice of "any
27 conduct to avoid being placed in the SHIP Program." Plaintiff further alleges that the
28 conditions in the SHIP Program result in atypical, significant hardships and that Defendants

1 Todd Thomas and Timothy Dobson are responsible for the conditions and for the lack of due
2 process prior to and during placement in segregation.

3 Because due process claims are more appropriately brought under the Fourteenth
4 Amendment than the Fourth Amendment, the Court will construe Plaintiff's due process
5 claims in Count I as being brought under the Fourteenth Amendment.

6 Liberally construed, Plaintiff has stated a Fourteenth Amendment claim in Count I
7 against Defendants Thomas, Dobson, Griego, and Miener with regard to his placement in the
8 SHIP Program without due process. Accordingly, the Court will require Defendants Thomas,
9 Dobson, Griego, and Miener to answer this claim.

10 Plaintiff also alleges that his due process rights were later violated by Defendants
11 Thomas, Dobson, Griego, and Miener when they did not give him "any type of fair hearing"
12 at an Administrative Segregation Placement Hearing and failed to take into consideration "all
13 [his] oral and written statements and facts." Plaintiff further alleges that the Defendants told
14 him at the hearing that he was not going back to the SHIP Program and would be in
15 segregation for the next "2 to 3 years." Plaintiff also alleges that he is being subjected to
16 "atypical significant hardship" in segregation.

17 Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519
18 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board
19 of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); Rhodes v.
20 Robinson, 612 F.2d 766, 772 (3d Cir. 1979). Further, a liberal interpretation of a civil rights
21 complaint may not supply essential elements of the claim that were not initially pled. Ivey,
22 673 F.2d at 268.

23 Plaintiff's allegations concerning the lack of due process at his Administrative
24 Segregation Placement Hearing are too conclusory and vague to state a claim upon which
25 relief may be granted. Plaintiff does not allege how any particular due process safeguards
26 were violated. Plaintiff admits that he was given notice prior to his hearing and that he
27 attended a hearing. He also appears to allege that he was allowed to present oral and written
28 statements and facts. Conclusory and vague allegations that the hearing was not "fair" or that

**TERMPSREF** - 4 -

his oral and written statements and facts were not taken "in consideration" are not sufficient. Accordingly, Plaintiff's claim in Count I that his due process rights were violated when he was placed in segregation for "2 to 3 years" as the result of an Administrative Segregation Placement Hearing will be dismissed for failure to state a claim upon which relief may be granted.

### B.     Count II

In Count II, Plaintiff claims that his rights under the Eighth Amendment are being violated by the conditions of confinement in the November Unit where Plaintiff is housed. Plaintiff alleges that Defendants Todd Thomas and Timothy Dobson are the policy makers responsible for these conditions.  Plaintiff alleges that cells have 24-hour lighting; the cells are cold in winter and inmates are not allowed warm clothes; unsafe conditions have led to two murders in four months; cleaning supplies are not provided; only one change of clothes is allowed; ear plugs are not provided to stop the noise from mentally ill inmates yelling and pounding; inmates are in their cells 24 hours a day for seven days a week with no required out-of-cell recreation time; inmates are not given a mirror for shaving and are only given ten minutes to shower; the use of malicious and sadistic force is prevalent; inmates are not allowed sun block and lip balm; there are no storage lockers in which to keep property ; and there is extreme idleness because of limits on books and newspapers and the lack of educational programs, religious services, vocational training, prison "workline," cultural activities, and hobby crafts.

Liberally construed, Plaintiff has stated an Eighth Amendment claim in Count II against Defendants Thomas and Dobson.  Accordingly, the Court will require Defendants Thomas and Dobson to answer Count II.

## V.     Warnings

### A.     Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

1 in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 4) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff **must pay** the $350.00 filing fee and is **assessed** an initial partial filing fee of $3.51.

(3)     Plaintiff's claim in Count I of the Complaint (Doc. 1) that his due process rights were violated when he was placed in segregation for "2 to 3 years" as the result of an Administrative Segregation Placement Hearing is **dismissed** for failure to state a claim upon which relief may be granted.

(4)     Defendants Todd Thomas, Timothy Dobson, Ben Griego, and Sean Miener **must answer** Plaintiff's claim in Count I of the Complaint (Doc. 1) that his placement in the SHIP Program violated Plaintiff's due process rights, and Defendants Todd Thomas and Ben

Griego **must answer** Count II of the Complaint.

(5)     The Clerk of Court **must send** Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants Todd Thomas, Timothy Dobson, Ben Griego, and Sean Miener.

(6)     Plaintiff **must complete and return** the service packet to the Clerk of Court within **21 days** of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)     **If** Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8)     The United States Marshal **must retain** the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9)     The United States Marshal **must notify** Defendants Todd Thomas, Timothy Dobson, Ben Griego, and Sean Miener of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a)     personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b)     within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and

must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Compliant, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendants Todd Thomas, Timothy Dobson, Ben Griego, and Sean Miener **must answer** the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response **must state** the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) This matter is **referred** to Magistrate Judge Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 13th day of December, 2010.

Mary H. Murgula
United States District Judge

TERMPSREF

- 8 -